IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jerome S. Garcia, | ) | C/A No.: 3:21-2780-JMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| South Carolina Department of | ) | |
| Motor Vehicles, Kevin Shwedo, | ) | ORDER AND NOTICE |
| Rob Bailes, Leon Lott, William | ) | |
| Holbrook, Chris Williamson, | ) | |
| Jeffery Bloom, Don Rickenbaker, | ) | |
| and Michael Leach, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Jerome S. Garcia ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 against South Carolina Department of Motor Vehicles ("SCDMV"), SCDMV Executive Director Kevin A. Shwedo ("Defendant"), SCDMV Director of Operations Rob Bailes; Richland County Sheriff Leon Lott; City of Columbia Chief of Police William H. Holbrook; South Carolina Highway Patrol Commander Chris Williamson; Calhoun County Magistrate Jeffery Bloom; Calhoun County Magistrate Don Rickenbaker; and South Carolina Department of Social Services ("SCDSS") Director Michael Leach (collectively "Defendants"). This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.).

I.  Factual and Procedural Background

The court is familiar with Plaintiff and his allegations of wrongdoing against various state agencies.[1] In all of his cases, he alleges a cycle of arrests for traffic violations and unpaid traffic tickets, resulting in more fines he claims he is unable to pay because, without a license, he has no transportation to a job. He further alleges he is prevented from obtaining a license because of unpaid child support obligations, which he also claims he is unable to pay because he cannot work due to a lack of transportation. His past cases have included, as defendants, various combinations of employees of SCDMV, SCDSS, South Carolina Highway Patrol, judges who have presided over his traffic violations and family court cases, and local police departments.

This case is no different. In his recitation of the facts, Plaintiff makes no specific allegations of wrongdoing by any individual named as a defendant. Plaintiff claims on November 5, 2012, SCDMV automatically suspended his driver's license for failure to pay a traffic ticket in December of 2011, and since then "the unlawful suspension [of his] rights have been Systematically Infringed upon by multiple state agencies named in this complaint, as well as the state actors. . . ." [ECF No. 1 at 9] (errors in original). He alleges state

---

[1] Plaintiff's prior cases include: C/A No. 3:21-1715-JMC-SVH, *Garcia v. Strom*; C/A No. 3:21-1359-JMC-SVH, *Garcia v. Rickenbaker*; C/A No. 3:21-1318-JMC-SVH, *Garcia v. Shwedo*; C/A No. 3:20-695-JMC-SVH, *Garcia v. McBride*; and C/A No. 3:20-694-JMC-SVH, *Garcia v. Dwyer*.

agencies have ignored due process rights, "further damaging Black and minority citizens beyond just poverty, but to affect multiple generations of the families by restricting a person to earn a basic living, to get back and forth to live in a functionable society with equal rights without contrary State laws that conflict with protected rights." *Id.* at 11. He further complains that his COVID-relief money was not protected from garnishment. *Id.* Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983 for violations of his Fourteenth Amendment rights and a "*Monell* Claim," as further described below.

II.     Discussion

   A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

3

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on

its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

    B.    Analysis

        1.    Insufficient Allegations

To state a plausible claim for relief under 42 U.S.C. § 1983,[2] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). To assert a viable § 1983 claim against a state official, Plaintiff must allege a causal connection or affirmative link between the conduct of which he complains and the official sued. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution). Plaintiff asserts no factual allegations against Defendants, other than their titles. In his recitation of the

---

[2] Plaintiff's complaint is before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

5

facts, Plaintiff does not attribute any action to any specific defendant. Therefore, Defendants are subject to summary dismissal on Plaintiff's § 1983 claim.

### 2.  Conclusory Claims

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Although Plaintiff alleges his Fourteenth Amendment rights have been violated, he has not provided facts to support this conclusory claim. Plaintiff's complaint does not contain sufficient factual allegations of constitutional wrongdoing or discriminatory actions attributable to Defendants.

### 3. No Supervisory Liability Under § 1983

The doctrine of supervisory liability is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization). Because Plaintiff fails to allege any specific actions or inactions of Defendants, they are entitled to summary dismissal.

### 4. *Monell* Claim

Plaintiff also purports to bring a *Monell* claim against Defendants. In *Monell v. Dept of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, n.54 (1978), the Supreme Court held municipalities and "other local government units" that are not considered part of the State for Eleventh Amendment purposes are

7

"persons" amenable to suit pursuant to § 1983 for official policies and customs that violate a federal right. Plaintiff's *Monell* claim fails for multiple reasons. First, there is no *Monell* claim against individuals, as *Monell* only establishes that local government units can be considered "persons" under § 1983 under certain circumstances. *Id.* The only defendant named in the complaint who is not an individual is the SCDMV. However, SCDMV is not subject to a *Monell* claim because it is a state agency and *Monell* is limited to those local governments that are not considered part of the state for Eleventh Amendment purposes. *Quern v. Jordan*, 440 U.S. 332, 338 (1979) (internal citations and quotation marks omitted).[3] Further, "municipalities are not liable pursuant to respondeat superior principles for all constitutional violations of their employees simply because of the employment relationship." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (citing *Monell*, 436 U.S. at 692-94). Although Plaintiff alleges "law enforcement agencies engage in a pattern and practice of warrantless searches and seizure [in violation] of the 4th Amendment, and unlawful arrest of plaintiff since 2012," this allegation lacks specificity sufficient to constitute an official policy under *Monell*. Therefore, Plaintiff's *Monell* claims are subject to summary dismissal.

---

[3] The undersigned notes that while counties can be subject to liability under 42 U.S.C. § 1983 under *Monell*, sheriffs, in their official capacities, and sheriff's offices, cannot. *McCall v. Williams*, 52 F.Supp.2d 611, 623, (D.S.C. 1999).

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **October 4, 2021**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims specified above be dismissed without leave for further amendment.

IT IS SO ORDERED.

September 13, 2021  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge